IN THE CIRCUIT COURT OF THE NINTH JUDICIAL CIRCUIT,
IN AND FOR ORANGE COUNTY, FLORIDA

CASE NO:

GEORGE BIRNEY AND
AUDREY BIRNEY,

        Plaintiffs,

vs.                               Class Action Complaint

MENU FOOD, INC., et al.

        Defendant.
_____/

**CLASS ACTION COMPLAINT**

    Plaintiffs, George Birney and Audrey Birney, on behalf of themselves and all others similarly situated, sues Defendants, Menu Foods, Inc., and alleges.

**NATURE OF THE ACTION**

    1. This is a class action against Menu Foods, Inc. seeking to recover damages which exceed fifteen thousand dollars, $15,000.00, based upon the purchase and delivery of pet food which caused harm to plaintiff's cat.

    2. Menu Foods, one of the largest pet food manufacturers in the world, recently issued a mass recall of 42 brands of cat food and 51 brands of dog food.

    3. When ingested by an animal, the contaminated pet food can cause immediate renal failure, resulting in complete shutdown of the animal's kidneys and ultimately its death.

    4. Menu Food's actions in selling the contaminated food and failing to issue the recall sooner were reckless and in breach of its duties and warranties to its customers.

    5. Those actions were a proximate cause of injury to and the deaths of currently untold numbers of pets, including plaintiffs George Birney and Audrey Birney cats, as described more fully below.

    6. On behalf of a themselves and other similar situations nationwide class, George Birney and Audrey Birney seeks redress for that misconduct.

EXHIBIT A

Dockets.Justia.com

## PARTIES

7. Plaintiffs, George Birney and Audrey Birney is a citizen of Florida residing in Winter Springs, Florida.

8. Defendant Menu Foods Inc. is a New Jersey corporation with its principal place of business located at 9130 Griffith Morgan Lane, Pennsauken, NJ 08110 and doing business in Florida.

## PLAINTIFF'S CLASS ALLEGATIONS

9. Plaintiff brings this action pursuant to Rule 1.220 of the Florida Rules of Civil Procedure on behalf of themselves and the following Plaintiff Class. All owners of pets that were fed contaminated food supplied by defendant.

10. The Class is so numerous that the individual joinder of all members is impracticable.

11. There are questions of law and fact common to the members of the Class, and these common questions predominate over any questions affecting individual Class members, such that a class action is superior to other methods for the fair and efficient adjudication of the controversy.

12. The questions of law and fact that are common to the Plaintiffs and member of the class include, but are not limited to, the following:

   a. Did Menu Foods act negligently in failing to prevent contamination of its pet food?

   b. Did Menu Food act negligently in failing to warn its customers in a timely and effective manner of the danger of its pet food?

   c. Did Menu Foods' breach express and/or implied warranties relating to the sale of its pet food?

13. Plaintiffs claims are typical of the claims of the Class. Plaintiffs and members

of the Class have been injured by the same common course of wrongful conduct.

14. Plaintiffs will fairly, fully and adequately represent and protect the interests of the members of the Class. Plaintiffs have retained counsel that is competent and experienced in prosecuting complex class action litigation. Plaintiffs have no interests that conflict with, or are adverse to, those of the Class.

15. Class Certification is appropriate under Rule 1.220 because common issues of law and fact predominate over individual issues, and class certification is a superior method of resolving the claims of the Class.

16. This action poses questions of law and fact that are common to and affect the rights of all the members of the class.

17. Based on the facts and circumstances set forth herein, the Plaintiffs claims are typical of the claims of the members of the class.

18. Further, other individual Plaintiffs may elect to join this action upon such grounds as the Court may set forth and these individuals will likewise have issues that are common to those of all other class members.

19. Pursuant to Fla. R. Civ. P. 1.220(b)(2), the Plaintiffs, on behalf of all similarly situated persons, maintain this class action as a result of Menu Foods, Inc. actions or omissions as set forth herein, which actions are generally applicable to all the members of the class, thereby making final declaratory or injunctive relief concerning the class as a whole appropriate.

20. Further, and in accordance with Rule 1.220(b)(3), common questions of fact and law exist as to all members of the class and such questions predominate over any questions solely affecting any individual member of the class. Among the questions of

law and fact common to the class are the following without limitation: The questions of law and fact that are common to the Plaintiffs and members of the Class include, but are not limited to, the following:

    a. Did Menu Foods act negligently in failing to prevent contamination of its pet food?

    b. Did Menu Food act negligently in failing to warn its customers in a timely and effective manner of the danger of its pet food?

    c. Did Menu Foods' breach express and/or implied warranties relating to the sale of its pet food?

21. The Plaintiffs know of no difficulty likely to be encountered in the management of this action that would preclude its maintenance as a class action.

22. The Plaintiffs have retained the law firm of Attorneys Trial Group. The Attorneys Trial Group law firm has previously handled class actions and complex legal matters involving, among others, products liability, personal injury and employment discrimination over the last Twenty (20) years. As a result, the Attorneys Trial Group law firm qualified and experienced in class action litigation and will adequately protect the interest of the class.

23. A class is superior to other available methods for fair and efficient adjudication of this controversy. There will be no difficulty in the prosecution of this action as a class action and a class action would be the preferable way to prosecute this case.

## FACTS

24. Menu Foods hold itself out to the public as a manufacturer of safe, nutritious, and high-quality dog and cat food.

25. It makes numerous express warranties about the quality of its food and its manufacturing facilities.

26. For example, Menu Foods touts the claim that it "manufacture the private

label, wet pet-food industry's most comprehensive product program with the highest standards of quality" and it operates "state-of-the-art" manufacturing facilities in the United States and Canada.

27. Menu Foods intended for pet owners to believe its statements and trust that its pet food is of first-rate quality.

28. On or about March 16, 2007, Menu Foods announced a recall of approximately 42 brands "cuts and gravy" style dog food and 51 brands of " cuts and gravy" style cat food, all produced at Menu Foods' facility in Emporia , Kansas, between December 3, 2006 and March 6, 2007.

29. Weeks before the recall, Menu Foods had received numerous complaints indicating that pet food originating from the Emporia plant was killing pets.

30. As a result of these complaints, Menu Foods tested its food on approximately 40 to 50 pets. Seven of those pets died after ingesting the food.

31. Despite having actual knowledge of both the complaints it received and its own study, Menu Foods delayed for weeks before issuing the notice of recall.

32. Even then, its recall was conducted in a negligent manner. For example, both its website and the toll-free number it provided to the public were frequently non-operational.

## FACTS RELATING TO THE NAMED PLAINTIFF

33. On or about March 10, 2007, Plaintiff purchased 5 boxes of IAMS adult cat food from a Walmart store for her female cat Mitzi.

34. Menu Foods is the manufacturer of IMS adult cat food.

35. On or about March 14, 2007 shortly after ingesting Menu Food's cat food, Mitzi's kidneys began to shut down with frequent urination, and on March 21, 2007, she died.

36. Bernie incurred over $260.00 in veterinary expenses relating to the attempts to save Mitzi's life and, in addition, to save her other cats. Specifically, Bubba had been ill with problems since ingesting the same food.

37. Mitzi and Bubba had been with Birney's family since January 4, 2006.

38. The loss of Mitzi and Bubba and illness to her other pets has been devastating to Birney.

## COUNT I

39. Plaintiff incorporates by reference the foregoing allegations.

40. Menu Foods breached express warranties to Plaintiff and violated the Uniform Commercial Code.

41. Menu Foods breached implied warranties to Plaintiff and violated the Uniform Commercial Code.

42. Menu Foods breached the implied warranty of merchantability.

43. As a proximate cause of this misconduct, plaintiff and her class suffered actual damages including without limitation the cost of the contaminated pet food and resulting veterinary bills.

WHEREFORE, Plaintiff, on behalf of herself and the Class, prays for the following relief:

1. An Order certifying the Class as defined above;
2. An award of actual damages;
3. Appropriate injunctive relief;
4. Medical monitoring damages;
5. Reasonably attorney's fees and costs; and
6. Such further and other relief the Court deems appropriate.

## COUNT II
### (Negligence)

44. Plaintiff incorporates by reference the foregoing allegations.

45. Menu Foods owed its customers a duty to offer safe, non-contaminated products in the stream of commerce.

46. Menu foods breached this duty by failing to exercise care in the producing, processing, manufacturing and offering for sale of the contaminated per food described herein.

47. Menu Foods further breached this duty by failing timely and effectively to

warn plaintiff and the class of contamination even after it had actual knowledge of that fact and of the resulting risks.

48. As a proximate cause thereof, plaintiff and her class suffered actual damages, including without limitation the cost of the contaminated pet food and any resulting veterinary bills.

WHEREFORE, Plaintiff, on behalf of herself and the Class, prays for the following relief:

1. An order certifying the Class defined above;
2. An award of actual damages;
3. Appropriate injuctive relief;
4. Medical monitoring damages;
5. Reasonably attorney's fees and costs; and
6. Such further and other relief the Court deems appropriate.

### JURY DEMAND

Plaintiff, requests trial by jury of all claims that can be so tried.

DATED this 17th day of April, 2007

By: _____
LUIS G. FIGUEROA
Attorneys Trial Group
540 N. Semoran Blvd.
Orlando, FL 32807
(407)381-4123
FBN: 294268
Attorney for the Plaintiff